IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY MARSHALL #183459
        Petitioner                     \*

    v.                                        \*  CIVIL ACTION NO. JFM-06-2725

STATE OF MARYLAND            \*
        Respondent

**MEMORANDUM**

      Currently confined at the Eastern Correctional Institution, petitioner Gregory Marshall filed the instant 28 U.S.C. § 2254 habeas corpus application on October 16, 2006, challenging his 1986 conviction and sentence in the Circuit Court for Baltimore City for murder and a handgun violation. Paper No. 1. For the reasons set out herein, this court concludes that the pending application for habeas corpus relief must be dismissed without prejudice at this time.

      In the twenty years since his conviction, petitioner has filed more than fifty actions in this court, including at least five attacks on his conviction filed pursuant to 28 U.S.C. § 2254. His first application, *Marshall v. Smith, et al.*, Civil Action No. WEB-91-3479, was dismissed on April 22, 1992. Other petitions include: *Marshall v. Smith, et al.*, Civil Action No. WEB-92-1556, dismissed December 7, 1992; [1] *Marshall v. Smith, et al.*, Civil Action No. WEB-93-1511, dismissed April 28, 1995; *Marshall v. Corcoran, et al.*, Civil Action No. AW-96-2921, dismissed September 24, 1996; and *Marshall v. Pegues, et al.*, Civil Action No. AW-02-3092, dismissed October 4, 2002 (as amended October 18, 2002).

      Under the Antiterrorism and Effective Death Penalty Act of 1996, petitioner may file this second or successive habeas corpus petition only if he has moved the appropriate circuit court for

---

[1]    A certificate of appealability was denied by the United States Circuit Court for the Fourth Circuit on January 26, 1994.

an order authorizing the district court to consider his application.  *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).

Before this court may consider the pending petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this court to consider petitioner's application for habeas corpus relief.  *See* 28 U.S.C. § 2244(b)(3)(A);[2] *see In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997).  Petitioner has not complied with this "gatekeeper" provision.  Therefore, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to file a motion to obtain the aforementioned authorization Order.  The procedural requirements and deadlines for filing the motion are extensive.  Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should petitioner wish to seek authorization to file a successive petition with the appellate court.  It is to be emphasized that petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

For the reasons set forth herein, this court is without jurisdiction to review the instant petition, and accordingly it shall be dismissed.  A separate Order follows.

| | |
|---|---|
| <u>  October 20, 2006  </u> | <u>       /s/                                                   </u> |
| Date | J. Frederick Motz |
| | United States District Court Judge |

---

[2]     28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."